Thomas J. Egan, Esq. Town Attorney, Woodbury
You have asked whether a person may hold simultaneously the positions of town tax collector and senior account clerk in the town supervisor's office.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town tax collector is responsible for the collection of real property taxes and assessments and pays over the sums collected to the town supervisor (Town Law, § 240[1]; Real Property Tax Law, §§ 904,940).
The senior account clerk is an employee in the town supervisor's office. The office of the town supervisor is responsible for the receipt, care and custody of all money belonging or due to the town from every source and is required to keep an accurate and complete account of the receipt and disbursement of all money coming into the office (Town Law, §29[1], [4]). You have forwarded to us a duty statement for the position of senior account clerk. The following are the duties of this position:
 "— Supervises/classifies a variety of receipts and/or expenditures, and distributes items according to a prescribed procedure;
 — Reviews and checks complex account keeping records and reports for arithmetical and clerical accuracy, completeness and proper extension;
 — Assigns work, reviews and records work done, and instructs new employees in the specialized account keeping and clerical work of a unit;
 — Conducts routine correspondence on matters where policies and procedures are well defined;
 — Supervises the verifying and reconciling of a number of account balances according to a prescribed procedure;
 — Supervises/posts to journal or ledger from a variety of original entry media;
 — Prepares routine reports of information taken from journal or ledger; or prepares other routine monthly reports;
 — Compiles and prepares labor, material and operational cost records and reports;
 — Compiles data for, and prepares and analyzes certain financial and statistical records in reports;
 — Assists in the preparation of unit or department budget and in maintaining budget control;
 — Prepares the Town's Annual Financial Report to be submitted to the New York State Comptroller's Office."
Thus, real property taxes and assessments are transmitted by the town tax collector to the office of the town supervisor. The supervisor has responsibility for receipt, custody and reporting of these funds. It is clear from the job description of the senior account clerk, that the occupant of this position assists in carrying out these functions. In our view, there are checks and balances built into the finance article of the Town Law (see Informal Opinion of the Attorney General No. 86-30). One such check or balance is that the town supervisor, as the chief fiscal officer, is given responsibility for custody, care and accounting for all funds belonging to the town. In our view, if the senior account clerk in the town supervisor's office also served as tax collector, this would compromise these checks and balances. You have indicated in your letter that funds would be recorded and deposited and checks written by other employees in the supervisor's office. In our view, however, the duties of the senior account clerk are substantial and involve an integral part of the overall duties of the office of town supervisor. In any event, at the very least, an appearance of impropriety would result from one person holding these two positions. Even the appearance of impropriety must be avoided in order to maintain public confidence in government.
We conclude that the positions of town tax collector and senior account clerk in the supervisor's office are incompatible.